**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92104
Tel: (619) 752-0703
Fax: (619) 330-2120
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISAAC MORENO,** an individual,<br><br><br>Plaintiff,<br><br>v.<br><br><br>**MEDICREDIT, INC.; and J.J. MAC INTYRE CO., INC.,**<br><br><br>Defendants. | **Case No.: 5:16-CV-02109**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**3.) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3.  Plaintiff, ISAAC MORENO, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, MEDICREDIT, INC., and J.J. MAC INTYRE CO., INC., (collectively as "Defendants"), with regard to Defendants' unlawful debt collection practices and reporting of erroneous and derogatory information on Plaintiff's consumer credit report as that term is defined by Cal. Civ. Code § 1785, *et seq*. and Defendants' willful and negligent failure to properly investigate the disputes of Plaintiff concerning the errounous

information Defendants are reporting on Plaintiff's credit, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiff damages.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

## JURISDICTION AND VENUE

9. This action arises out of Defendants' violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.; and (iii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.

10. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

11. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this judicial

district.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County of San Bernardino, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

13. Plaintiff, ISAAC MORENO, is a natural person who resides in the City of Upland, County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Cal. Civ. Code § 1785.3(b).

14. Defendant, MEDICREDIT, INC. ("MEDICREDIT"), is a Missouri corporation.

15. MEDICREDIT, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to MEDICREDIT.

16. Defendant, J.J. MAC INTYRE CO., INC., ("MAC INTYRE"), is a California corporation.

17. MAC INTYRE, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the

time they are acquired and/or assigned to MAC INTYRE.

18. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

20. Defendants are a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

21. At all times relevant, Plaintiff was an individual residing within the State of California.

22. All correspondence from Defendant was sent to Plaintiff at an address located within the State of California.

23. All contractual agreements referenced herein were entered into and executed within the State of California.

## FACTUAL ALLEGATIONS

24. On or about November of 2009, Plaintiff was involved in a motor vehicle accident, which resulted in Plaintiff's hospitalization.

///

25. As a result of his hospitalization, Plaintiff is alleged to have incurred a medical debt of approximately $1000, owed to Pomona Valley Hospital Medical.

26. In early 2016, Plaintiff began the process of purchasing a new home for him and his soon-to-be wife.  To determine his class of eligibility for a mortgage, Plaintiff ran his credit report on or about March of 2016 and found he had a credit score of approximately 740.

27. On or about August of 2016, while still attempting to buy a home, Plaintiff ran his credit again and found his credit score had dropped to 640.

28. Plaintiff's August 2016 credit report now showed a recent and open "In Collections" account, with a balance of $1,093, owed to the original creditor Pomona Valley Hospital, ("the Debt"). Plaintiff alleges this alleged debt was incurred during his November 2009 hospitalization, however the debt is being erroneously reported with a "Date of Service" of November 2014.

29. On or about August 2016, Plaintiff contacted Pomona Valley Hospital regarding the alleged 2009 debt being reported on his credit. Pomona Valley Hospital told Plaintiff the debt had been sold to MEDICREDIT in November of 2014.

30. Plaintiff contacted MEDICREDIT regarding the Debt. MEDICREDIT informed Plaintiff the Debt had been placed with Jonathan Petherson Law Firm, (the "Law Firm").

31. Plaintiff contacted the Law Firm regarding the Debt. The Law Firm informed Plaintiff that the debt was past the statute of limitations and therefore the firm would be sending the debt back to their client, MEDICREDIT.

32. The Law Firm also confirmed the Debt was, in fact, incurred and initially delinquent in 2009.

33. Plaintiff thereon alleges on information and belief that the original creditor's records show an original delinquency of 2009 for the Debt. Plaintiff further

alleges that Defendants knew or should have known the information they reported on Plaintiff's credit was incomplete and/or inaccurate based on the original creditor's records including the underlying contract and account notes for the Debt.

34. Plaintiff contacted MEDICREDIT again to inform them the Debt being reported was from 2009 and was past the statute of limitations, as confirmed by the Law Firm. When presented with this information, MEDICREDIT erroneously maintained the Debt was incurred and became delinquent in 2014.

35. Sometime between March of 2016 and August of 2016, Defendants began reporting a delinquent debt from Plaintiff's 2009 hospitalization on Plaintiff's credit report, as initially delinquent in 2014.

36. MEDICREDIT has continued to report this inaccurate information through the date of this action being filed.

37. On or before August 2016, MEDICREDIT began reporting to Experian, a credit reporting agency as that term is defined by Cal. Civ. Code § 1785.3(d), a debt to the original creditor, Pomona Valley Hospital Medical, with the status of: "Collection Account. $1,093 past due as of Aug 2016," and "First Reported" in 8/2016. This information is scheduled to remain on Plaintiff's credit report until 2021 meaning that MEDICREDIT reported an initial delinquency of 2014. This information is inaccurate as the Debt was delinquent in 2009, years before the Debt's assignment to Defendant in November of 2014.

38. MEDICREDIT knew, or should have known, the credit information they reported was incomplete and/or inaccurate as: (i) the records of the original creditor show the Debt was incurred and became delinquent in 2009 not 2014; and (ii) Plaintiff specifically provided MEDICREDIT with notice that the information they were reported was inaccurate.

///

39. MEDICREDIT has attempted to "re-age" the debt by reporting a more recent delinquency date. By furnishing such inaccurate, incomplete, and/or misleading information, Defendant effectively extended the time the debt may be reported on Plaintiff's credit report. This action has a greater derogatory effect on Plaintiff's credit score because more recent delinquencies are allocated greater weight in calculating a consumer's credit score.

40. Through this conduct, MEDICREDIT has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agency that Defendant knew or should have known was inaccurate and/or incomplete.

41. Through this conduct, MEDICREDIT has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit information which is known or which should be known to be false, and 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, MEDICREDIT also violated Cal. Civ. Code § 1788.17.

42. On or before August 2016, MEDICREDIT began reporting to Trans Union, a credit reporting agency as that term is defined by Cal. Civ. Code § 1785.3(d), a debt to the original creditor, Pomona Valley Hospital Medical, as "In Collection" with a "Placed for Collection" date of 03/09/2016. This information is scheduled to remain on Plaintiff's credit report until 2021 meaning that MEDICREDIT reported an initial delinquency of 2014. This information is inaccurate as the Debt was delinquent in 2009, years before the Debt's assignment to Defendant in November of 2014.

///

43. MEDICREDIT knew, or should have known, the credit information they reported was incomplete and/or inaccurate as: (i) the records of the original creditor show the Debt was incurred and became delinquent in 2009 not 2014; and (ii) Plaintiff specifically provided MEDICREDIT with notice that the information they were reported was inaccurate.

44. MEDICREDIT has attempted to "re-age" the debt by reporting a more recent delinquency date. By furnishing such inaccurate, incomplete, and/or misleading information, Defendant effectively extended the time the debt may be reported on Plaintiff's credit report. This action has a greater derogatory effect on Plaintiff's credit score because more recent delinquencies are allocated greater weight in calculating a consumer's credit score.

45. Through this conduct, MEDICREDIT has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agency that Defendant knew or should have known was inaccurate and/or incomplete.

46. Through this conduct, MEDICREDIT has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit information which is known or which should be known to be false, and 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, MEDICREDIT also violated Cal. Civ. Code § 1788.17.

47. On or before August 2016, Defendant, J.J. MAC INTYRE CO., INC., ("MAC INTYRE") began reporting to Equifax, a credit reporting agency as that term is defined by Cal. Civ. Code § 1785.3(d), an alleged debt to the original creditor Pomona, Valley Hospital Medical, as "D-Unpaid" with a date of First

Delinquency of 11/2014. This information is inaccurate the Debt was delinquent in 2009, years before the Debt's assignment to Defendant in November of 2014.

48. MAC INTYRE has continued to report this inaccurate information through the date of this action being filed.

49. MAC INTYRE knew, or should have known, the credit information they reported was incomplete and/or inaccurate as: (i) the records of the original creditor show the Debt was incurred and became delinquent in 2009 not 2014.

50. MAC INTYRE has attempted to "re-age" the debt by reporting a more recent delinquency date. By furnishing such inaccurate, incomplete, and/or misleading information, Defendant effectively extended the time the debt may be reported on Plaintiff's credit report. This action has a greater derogatory effect on Plaintiff's credit score because more recent delinquencies are allocated greater weight in calculating a consumer's credit score.

51. Through this conduct, MAC INTYRE has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agency that Defendant knew or should have known was inaccurate and/or incomplete.

52. Through this conduct, MAC INTYRE has also violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt, 15 U.S.C. § 1692e(8) by communication or threatening to communicate to any person credit information which is known or which should be known to be false, and 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, MAC INTYRE also violated Cal. Civ. Code § 1788.17.

///

53. The instances of Defendants furnishing false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity and has prevented Plaintiff from obtaining extensions of credit including, but not limited to, securing a mortgage for the purchase of a home.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

### [AGAINST ALL DEFENDANTS]

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

56. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

### [AGAINST ALL DEFENDANTS]

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

///

59. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

60. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 from each defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785, ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

63. In the regular course of their business operations, Defendants routinely furnish information to consumer credit reporting agencies pertaining to transactions between Defendants and consumers, so as to provide information regarding a consumer's credit worthiness, credit standing, and credit capacity.

64. Because Defendants are a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendants knew or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

65. Defendants knew, or should have known, the credit information they reported was incomplete and/or inaccurate as: (i) the records of the original creditor show the Debt was incurred and became delinquent in 2009 not 2014; and (ii) Plaintiff specifically provided MEDICREDIT with notice that the information they were reported was inaccurate.

66. The instances of Defendants furnishing false, inaccurate, and incomplete credit information described herein has caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity and has prevented Plaintiff from obtaining extensions of credit including, but not limited to, securing a mortgage for the purchase of a home.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);
- An award of statutory damages of $5,000.00 per violation, pursuant to

Cal. Civ. Code § 1785.31(a)(2)(B);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein;
- Any and all other relief that this Court deems just and proper.

Dated: October 4, 2016                        Respectfully submitted,

                                              **SINNETT LAW, APC.**

                                              BY: /s/ WAYNE A. SINNETT
                                              WAYNE A. SINNETT, ESQ.
                                              ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

67.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 4, 2016                        Respectfully submitted,

                                              **SINNETT LAW, APC.**

                                              BY: /s/ WAYNE A. SINNETT
                                              WAYNE A. SINNETT, ESQ.
                                              ATTORNEY FOR PLAINTIFF